**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TIM H. COOPER,**

      Plaintiff,

  vs.                                    Civil Action 2:11-CV-638
                                        Judge Graham
                                        Magistrate Judge King

**CITY OF WESTERVILLE,** *et al.*,

      Defendants.

**ORDER AND**
**REPORT AND RECOMMENDATION**

     This action, originally filed in the Court of Common Pleas for Delaware County, Ohio, asserts claims arising out of plaintiff's purchase of a condominium unit. The original *Complaint*, Doc. No. 2, asserted a claim under 42 U.S.C. §1983 for the alleged denial of plaintiff's constitutional rights, *id.*, ¶¶ 18-23, but also asserted numerous state law claims. *Id.* On July 18, 2011, defendants removed the action to this Court, pursuant to 28 U.S.C. §1441, as one arising under federal law with supplemental state law claims. On the same date that the *Notice of Removal,* Doc. No. 1, was filed, plaintiff filed an *Amended Complaint* in state court, in which he asserted additional federal claims under § 1983 as well as an additional state law claim. *Amended Complaint*, Doc. No. 12.

     This matter is now before the Court on plaintiff's motion for leave to file a second amended complaint, Doc. No. 17, and plaintiff's motion to remand the action to the Court of Common Pleas for Delaware County, Ohio, Doc. No. 18. The motion to remand has been referred to

the undersigned for report and recommendation. *Order*, Doc. No. 19.

Plaintiff's motions were filed on August 10, 2011, and defendants filed no response to those motions within the time permitted by the local rules of this Court. S.D. Ohio Civ. R. 7.2(a)(2).

Because the *Motion for Leave to File A Second Amended Complaint* is unopposed, that motion is granted.

The *Second Amended Complaint* asserts only state law claims. Plaintiff argues in his motion to remand that because, with the filing of the *Second Amended Complaint*, the action "is a purely state law case," *Motion to Remand*, p. 2, the action should be remanded to the state court from which it was removed. As noted *supra*, defendants do not apparently oppose the *Motion to Remand*.

Because, at the time the action was removed to this Court, plaintiff asserted claims arising under federal law, it appears that removal was proper and that this Court was thereby vested with subject matter jurisdiction over the case. However, "when all federal-law claims have dropped out of the action and only pendent state-law claims remain," a district court may, in the exercise of its discretion, remand the case to state court. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 348 (1988). In exercising its discretion under such circumstances, a court should consider such factors as judicial economy, convenience, fairness and comity. *Id., at 350,* citing *Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966). "When the single federal-law claim in the action [i]s eliminated at an early stage of the litigation, the District Court ha[s] a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon*, 484 U.S. at 351.

In the case presently before the Court, the action was initiated in this Court less than two months ago. The parties' *Rule 26(f) Report*, Doc. No. 20, has only recently been filed; presumably, the parties have not yet embarked on substantial discovery. *See* Fed. R. Civ. P. 26(d)("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), . ."). With the filing of plaintiff's *Second Amended Complaint*, the case now presents only claims arising under state law. Under all these circumstances, the Court concludes that its discretion is better exercised in remanding the action to the state court in which the action was originally filed.

**WHEREUPON**, plaintiff's *Motion for Leave to File A Second Amended Complaint,* Doc. No. 17, is **GRANTED**. The Clerk shall file the tendered *Second Amended Complaint*, which is attached to the motion.

It is **RECOMMENDED** that plaintiff's *Motion to Remand*, Doc. No. 18, be granted.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the

decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

      *s/Norah McCann King*
      Norah M<sup>c</sup>Cann King
      United States Magistrate Judge

September 7, 2011
Date